JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Gary Williams & Nina Williams

## DEFENDANTS
U-Haul Int'l, Inc., U-Haul Co. of Calif., Colusa Quick Serve Market, K&B Transportation, Inc. and General Motors, LLC

**(b)** County of Residence of First Listed Plaintiff   Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Alan M. Feldman, Esquire - Feldman, Shepherd, et al.
1845 Walnut Street - 21st Floor
Philadelphia, PA  19103      (215) 567-8300

Attorneys (If Known)
James D. Hilly, Esquire, Richard B. Wickersham, Jr., Esquire
Francis J. Grey, Jr., Esquire

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity Jurisdiction - 28 U.S.C. Section 1332
Brief description of cause:
Plaintiffs are citizens of Pennsylvania and Defendants are corporate citizens of states other than Pennsylvania.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE  Petrese B. Tucker      DOCKET NUMBER  14-cv-3891

DATE
11/24/2014

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Gary & Nina Williams | : | CIVIL ACTION |
| v. | : | |
| K&B Transportation, et al. v. General Motors | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)

| | | |
|---|---|---|
| 11/24/2014 | James D. Hilly | K&B Transportation, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 575-2783 | (215) 575-0856 | jdhilly@mdwcg.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 17 Sawmill Run, Norristown, Pennsylvania 19401

Address of Defendant: 4700 Dakota Ave., South Sioux City, NB (K&B); 2721 N. Central Ave., Phoenix, AZ (U-Haul); 1234 Market St., Colusa, CA (Colusa); 400 Renaissance Ctr., #2500, Detroit, MI (GM)

Place of Accident, Incident or Transaction: I-80, Henry County, Illinois

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　　Yes ☐　No ☑

Does this case involve multidistrict litigation possibilities?　　Yes ☐　No ☑

*RELATED CASE, IF ANY:*

Case Number: 14-cv-3891　　Judge Petrese B. Tucker　　Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　　Yes ☐　No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　　Yes ☑　No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?　　Yes ☐　No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　　Yes ☐　No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☑ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
   (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____　　_____　　_____
　　　　　　　　　　　　　　　Attorney-at-Law　　　　　　　　　Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/24/2014　　James D. Hilly, Esquire _____　　27571
　　　　　　　　　　　　　　　Attorney-at-Law　　　　　　　　　Attorney I.D.#

CIV. 609 (6/08)

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 17 Sawmill Run, Norristown, Pennsylvania 19401

Address of Defendant: 4700 Dakota Ave., South Sioux City, NB  (K&B); 2721 N. Central Ave., Phoenix, AZ (U-Haul); 1234 Market St., Colusa, CA (Colusa); 400 Renaissance Ctr., #2500, Detroit, MI (GM)

Place of Accident, Incident or Transaction: I-80, Henry County, Illinois

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☐  No ☑

Does this case involve multidistrict litigation possibilities?     Yes ☐  No ☑

*RELATED CASE, IF ANY:*

Case Number: 14-cv-3891 ___   Judge Petrese B. Tucker ___   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☑  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☑ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
   (Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
                              Attorney-at-Law                     Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/24/2014     _____     27571
                      James D. Hilty, Esquire
                      Attorney-at-Law                     Attorney I.D.#

CIV. 609 (6/08)

**APPENDIX G**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Gary & Nina Williams, h/w       :
                                :
            V.                  :        Civil Action
                                :        No: _____
K&B Transportation, Inc., et al.    :
                                :

### DISCLOSURE STATEMENT FORM

Please check one box:

[✓]       The nongovernmental corporate party, K&B Transportation, Inc.
          , in the above listed civil action does not have any parent corporation and
          publicly held corporation that owns 10% or more of its stock.

[ ]       The nongovernmental corporate party, _____
          , in the above listed civil action has the following parent corporation(s) and
          publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

11/24/14                                    _____
Date                                        Signature

              Counsel for:   Defendant, K&B Transportation, Inc.

## Federal Rule of Civil Procedure 7.1 Disclosure Statement

(a)   WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file
      two copies of a disclosure statement that:
      (1)   identifies any parent corporation and any publicly held corporation
            owning 10% or more of its stock;  or

      (2)   states that there is no such corporation.

(b)   TIME TO FILE; SUPPLEMENTAL FILING.   A party must:
      (1)   file the disclosure statement with its first appearance, pleading,
            petition, motion, response, or other request addressed to the court;
            and
      (2)   promptly file a supplemental statement if any required information
            changes.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Gary & Nina Williams, h/w                    :
                                             :
                 V.                          :          Civil Action
                                             :          No: _____
K&B Transportation, Inc., et al.             :
                                             :

DISCLOSURE STATEMENT FORM

Please check one box:

☑         The nongovernmental corporate party, K&B Transportation, Inc. _____
          , in the above listed civil action does not have any parent corporation and
          publicly held corporation that owns 10% or more of its stock.

☐         The nongovernmental corporate party, _____
          , in the above listed civil action has the following parent corporation(s) and
          publicly held corporation(s) that owns 10% or more of its stock:

          _____
          _____
          _____
          _____

11/24/14 _____              _____
Date                                    Signature

                    Counsel for:  Defendant, K&B Transportation, Inc. _____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

    (a)   WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file
        two copies of a disclosure statement that:
        (1)   identifies any parent corporation and any publicly held corporation
            owning10% or more of its stock;  or

        (2)   states that there is no such corporation.

    (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
        (1)   file the disclosure statement with its first appearance, pleading,
            petition, motion, response, or other request addressed to the court;
            and
        (2)   promptly file a supplemental statement if any required information
            changes.

40230.00102.378.syw.11170939

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| GARY WILLIAMS and NINA WILLIAMS, h/w | : | CIVIL ACTION - LAW |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| U-HAUL INTERNATIONAL, INC., U-HAULCO. OF CALIFORNIA, COLUSA QUICK SERVE MARKET and K&B TRANSPORTATION, INC. | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| v. | : | |
| | : | |
| GENERAL MOTORS, LLC | : | NO. |

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

| | | |
|---|---|---|
| GARY WILLIAMS and NINA WILLIAMS, h/w | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| U-HAUL INTERNATIONAL, INC., U-HAULCO. OF CALIFORNIA, COLUSA QUICK SERVE MARKET and K&B TRANSPORTATION, INC. | : | FEBRUARY TERM, 2014 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| GENERAL MOTORS, LLC | : | NO. 002768 |

### NOTICE OF REMOVAL

*TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA:*

Defendant, **K&B TRANSPORTATION, INC.**, by and through their attorney, James D. Hilly, Esquire, hereby removes the above-captioned case to this Honorable Court and provides notice of same to counsel representing the plaintiff. In support of the removal, the defendant avers as follows:

(1)     That on November 13, 2014, Plaintiffs filed an Amended Complaint in the Court of Common Pleas against Defendants, U-Haul International, Inc., U-Haul Co. of California, Colusa Quick Serve Market and K&B Transportation, Inc., which was an Amended Complaint dismissing certain Defendants which for the first time created diversity between the plaintiffs and the defendants.  A copy of the Amended Complaint is attached hereto and marked as Exhibit "A".

(2)     That Plaintiffs, *GARY WILLIAMS AND NINA WILLIAMS*, are upon information and belief individual citizens of the Commonwealth of Pennsylvania.

(3)     That Defendant, *U-HAUL INTERNATIONAL, INC.*, is a Nevada corporation with its principal place of business in Phoenix, Arizona.

(4)     That Defendant, *U-HAUL CO. OF CALIFORNIA*, is a California corporation with its principal place of business in Phoenix, Arizona.

(5)     That Defendant, *COLUSA QUICK SERVE MARKET*, is a California corporation or a business entity existing under the laws of the State of California with its principal place of business in Colusa, California.

(6)     That Defendant, *K&B TRANSPORTATION, INC.*, is an Iowa corporation with its principal place of business in South Sioux City, Nebraska.

(7)     That Additional Defendant, *GENERAL MOTORS, LLC*, is a Delaware Limited Liability corporation with its principal place of business in Detroit, Michigan.

(8)     That this is a Civil Action for personal injuries arising out of a motor vehicle accident which occurred at or near Eastbound I-80 in Henry County, Illinois on or about March 2, 2012.

(9)     Based upon the allegations in the Complaint, Defendant(s) reasonably believes that the amount in controversy is in excess of the jurisdictional limit of $75,000.00 and that jurisdiction is therefore based upon the diversity of citizenship of the party plaintiff and the parties defendant.  These allegations include claims of "multiple, serious, painful, permanent and life-threatening personal injuries including traumatic brain injury,

subarachnoid hemorrhage, subdural hematoma, diffuse axonal injury, multiple fractures of the ribs, left clavicle and lumbar spine, a left renal contusion, splenic laceration, right adrenal hemorrhage, left hemopneumothorax and other injuries".   These severe, permanent and catastrophic alleged injuries allegedly required multiple surgical procedures and extended hospital admissions and medical care, treatment and therapy, together with loss of earnings and earning capacity and the loss of life's pleasures.

(10)    The above-described Civil Action is one in which this Honorable Court has original jurisdiction pursuant to Title 28 United States Code Section 1332 based upon the fact that there  exists diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00 and is accordingly one which may be removed to this Honorable Court by Notice pursuant to Title 28 United States Code Section 1441.

(11)    Consent to this Removal has been obtained on a timely basis from all Co-Defendants and the Additional Defendant.

*WHEREFORE*, the defendant prays that the above action now pending in the Court of Common Pleas for Philadelphia County be removed to this Court.

*Marshall, Dennehey, Warner,*
*Coleman & Goggin*

By:

*James D. Hilly, Esquire*
*Attorney for Defendant,*
*K&B Transportation, Inc.*

Date: 11/24/14

COMMONWEALTH OF PENNSYLVANIA:

                                                  SS

COUNTY OF PHILADELPHIA                    :

### *A F F I D A V I T*

    **JAMES D. HILLY, ESQUIRE**, being duly sworn according to law deposes and says that the facts set forth in the foregoing Notice of Removal are true and correct to the best of his knowledge, information and belief.

                                                                   **JAMES D. HILLY**

SWORN TO AND SUBSCRIBED :

BEFORE ME THIS *24TH* DAY :

OF *November*, 2014 :

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JUANITA G. MOORE, Notary Public
City of Philadelphia, Phila. County
My Commission Expires September 18, 2016

**CERTIFICATION OF SERVICE**

I hereby certify that I have served upon all persons listed below a true and correct copy of Notice of

Removal in the above-captioned matter this date by the Court's electronic mailing system and regular mail.

Alan M. Feldman/Daniel J. Mann/Edward S. Goldis, Esquires
***FELDMAN, SHEPHERD, WOHLGELERNTER,***
***TANNER, WEINSTOCK & DODIG, LLP***
1845 Walnut Street - 21ˢᵗ Floor
Philadelphia, PA  19103
***Attorneys for Plaintiffs, Gary Williams and Nina Williams, h/w***

Richard B. Wickersham, Jr., Esquire
***POST & SCHELL, P.C.***
Four Penn Center - 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, PA  19103
***Attorney for Defendants, U-Haul International, Inc. and U-Haul Co. of California***
***and Colusa Quick Serve Market***

Francis J. Grey,  Jr., Esquire
***RICCI, TYRRELL, JOHNSON & GREY***
1515 Market Street
Philadelphia, PA  19102
***Attorney for Additional Defendant, General Motors, LLC***

***Marshall, Dennehey, Warner,***
***Coleman & Goggin***

By: _____

***James D. Hilly, Esquire***
***Attorney for Defendant,***
***K&B Transportation, Inc.***
***2000 Market Street – 23ʳᵈ Floor***
***Philadelphia, PA  19103***
***(215) 575-2783***
***E-Mail Address:  jdhilly@mdwcg.com***

***Identification No.:  27571***

Date: 11/24/14

*Exhibit "A"*

FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK & DODIG, LLP
By: ALAN M. FELDMAN/DANIEL J. MANN/EDWARD S. GOLDIS
Identification No.: 23210/77639/88233                    Attorneys for Plaintiffs
21st Floor, 1845 Walnut Street
Philadelphia, PA 19103
(215) 567-8300

*Filed and Attested by*
*PROTHONOTARY*
*13 NOV 2014 12:07 pm*
*E. HAURIN*

| | |
|---|---|
| GARY WILLIAMS and NINA WILLIAMS, h/w<br><br>Plaintiffs<br><br>v.<br><br>U-HAUL INTERNATIONAL, INC.<br>and<br>U-HAUL CO. OF CALIFORNIA<br>and<br>COLUSA QUICK SERVE MARKET<br>and<br>K&B TRANSPORTATION, INC.<br><br>Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>FEBRUARY TERM, 2014<br><br>No. 2768<br><br>Jury Trial Demanded |

## FIFTH AMENDED COMPLAINT

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demande. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: 215-238-1701

Case ID: 14020276

FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK & DODIG, LLP
By: ALAN M. FELDMAN/DANIEL J. MANN/EDWARD S. GOLDIS
Identification No.: 23210/77639/88233          Attorneys for Plaintiffs
21st Floor, 1845 Walnut Street
Philadelphia, PA 19103
(215) 567-8300

| | |
|---|---|
| GARY WILLIAMS and NINA WILLIAMS, h/w<br>Plaintiffs | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| v. | FEBRUARY TERM, 2014 |
| U-HAUL INTERNATIONAL, INC.<br>and<br>U-HAUL CO. OF CALIFORNIA<br>and<br>COLUSA QUICK SERVE MARKET<br>and<br>K&B TRANSPORTATION, INC.<br>Defendants | No. 2768<br><br>Jury Trial Demanded |

## FIFTH AMENDED COMPLAINT – CIVIL ACTION

### I.   PARTIES

1.     Plaintiffs Gary Williams and Nina Williams, husband and wife, are citizens and residents of the Commonwealth of Pennsylvania, residing therein at 17 Sawmill Run, Norristown, PA  19401.

2.     Defendant U-Haul International, Inc. ("U-Haul International") is a Nevada corporation with its principal place of business located at 2721 North Central Avenue, Phoenix, AZ  85004.

3.     Defendant U-Haul Co. of California ("U-Haul California") is a California corporation with an address for service of process located at 2721 North Central Avenue, Phoenix, AZ  85004.

4.     Defendant Colusa Quick Serve Market ("Quick Serve") is a business entity with a place of business located at 1234 Market Street, Colusa, CA  95932.

5.      At all times relevant hereto, defendant Quick Serve was owned by, managed by and/or an authorized agent of defendants U-Haul International and/or U-Haul California.

6.      At all times relevant hereto, defendant  Quick Serve was in the business of renting U-Haul owned trailers and selling and installing U-Haul branded accessories, including trailer hitches and associated wiring harnesses and adapters.

7.      At all times relevant hereto, defendants U-Haul International, U-Haul California and Quick Serve regularly and continuously conducted business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia.

8.      Defendants U-Haul International, U-Haul California and Quick Serve shall hereinafter be collectively referred to as "U-Haul."

9.      Defendant K&B Transportation, Inc. ("K&B") is an Iowa corporation with its principal place of business located at 4700 Dakota Avenue, South Sioux City, NE 68776.

10.     At all times relevant hereto, K&B regularly and routinely dispatched tractor trailers owned, operated, inspected, maintained and repaired by K&B, from facilities located in the mid-west and elsewhere to various delivery points in the northeastern United States.

11.     As part of its distribution and logistics networks, tractor trailers owned, operated, inspected, repaired and/or supervised by K&B regularly and routinely passed through and made stops in the Commonwealth of Pennsylvania, including the City and County of Philadelphia.

12.     K&B regularly charged a fee per mile when its tractor trailers pass through the Commonwealth of Pennsylvania, including the City and County of Philadelphia.

13.     K&B owned, operated and dispatched tractor trailers regularly and continuously made deliveries to locations within the Commonwealth of Pennsylvania, including the City and County of Philadelphia.

Case ID: 14020276

14.     At all times relevant hereto, K&B regularly and continuously conducted business in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

15.     At all times relevant hereto, all defendants acted individually and/or by and through their duly authorized agents and/or employees, acting within the scope and course of their employment and/or agency.

## II.   **FACTS**

16.     The preceding paragraphs are incorporated by reference as if the same were fully set forth at length herein.

17.     On or prior to February 28, 2012, plaintiff Gary Williams purchased a 7 round to 4 flat adapter for use in towing a U-Haul trailer from U-Haul through its U-Haul of Yuba City location.

18.     At all times relevant hereto, upon information and belief, the 7 round to 4 flat adapter purchased by plaintiff Gary Williams contained defects as described herein, which may have caused or contributed to inoperable or improperly operating trailer lights.

19.     On or prior to February 28, 2012, plaintiff Gary Williams rented a 1994 U-Haul twin axle box trailer designated by U-Haul as RV7155E, with a vehicle identification number of 14HU12205RPRV7155 ("U-Haul trailer"), from U-Haul through its Quick Serve location.

20.     At the time of plaintiff Gary Williams' rental of the U-Haul trailer, he was not advised of nor was he provided with a copy of U-Haul's Arbitration Agreement, or any allegedly applicable arbitration rules.

21.     The U-Haul trailer rented by plaintiff Gary Williams was, at the time of its rental, in a defective and dangerous condition as a result of improper design, construction and inadequate inspection, maintenance and repair by U-Haul.

3

22.    The defective and dangerous condition of the U-Haul trailer, as more fully set forth below, includes but is not limited to its design, manufacture, braking system, stability, reflectorization and lighting system.

23.    Upon information and belief, at all times relevant hereto, the lights and braking system on the U-Haul trailer were not properly operating.

24.    Upon information and belief, U-Haul knew or should have known of the defective and dangerous condition of the U-Haul trailer and 7 round to 4 flat adapter, but with reckless indifference to the rights and safety of plaintiff Gary Williams and others sold the 7 round to 4 flat adapter and rented the U-Haul trailer.

25.    On or about March 2, 2012, at approximately 2:00 a.m., plaintiff Gary Williams was operating his 2002 Chevrolet Trailblazer with the loaded U-Haul trailer hitched to its rear on Interstate 80 eastbound in Henry County, Illinois, while in the process of traveling from California to his home in Norristown, Pennsylvania.

26.    Plaintiff Gary Williams' vehicle was traveling in the right eastbound lane of Interstate 80 when the Chevrolet Trailblazer and U-Haul trailer became "jack-knifed," as a result of the defective condition of the U-Haul trailer.

27.    As a result of the jack-knife event, plaintiff Gary Williams' Chevrolet Trailblazer came to rest or partial rest across the left eastbound lane of Interstate 80, while the U-Haul trailer remained within the right eastbound lane of Interstate 80.  As a result of the defective condition of the U-Haul trailer and/or 7 round to 4 flat adapter, visibility of the trailer to other motorists was impaired.

28.    At that same time, a tractor trailer combination owned, dispatched, inspected, maintained and repaired by defendant K&B and operated by K&B's agent, servant and/or

4

employee Brian S. Sala ("Sala") was traveling in the right eastbound lane of Interstate 80, west of plaintiff Gary Williams' jack-knifed Chevrolet Trailblazer and U-Haul trailer.

29.     Upon information and belief, at all times relevant hereto, defendant K&B failed to properly inspect, maintain and/or repair the tractor trailer, and failed to properly train, supervise and ensure that Sala was competent and fit to operate the tractor trailer.

30.     As a result of the negligent and careless driving of Sala, the tractor trailer was caused to violently collide with the stopped Williams' vehicle, causing the Trailblazer to separate from the U-Haul trailer and driving both vehicles into the center median.

31.     As a result of the violent collision, plaintiff Gary Williams was caused to sustain serious, painful and permanent injuries as more particularly described hereinafter.

32.     Upon information and belief, at the time of the accident, Sala, had been driving beyond his hours of service, in violation of 49 C.F.R. §395.3 (b)(2).

33.     Upon information and belief, at the time of the accident, the ability and alertness of Sala was so impaired through fatigue, illness and/or other causes, that it was unsafe for him to continue operating a commercial motor vehicle.

34.     Upon information and belief, in the 24 hours or more prior to the time of the accident, Sala had not properly and accurately recorded his hours of service.

## III.    <u>CAUSES OF ACTION</u>

### <u>COUNT I – STRICT PRODUCTS LIABILTY</u>

**Gary and Nina Williams v. U-Haul International, Inc., U-Haul Co. of California and Colusa Quick Serve Market**

35.     The preceding paragraphs are incorporated by reference as if the same were fully set forth at length herein.

Case ID: 14020276

36.     Plaintiffs' injuries, damages and losses were caused by U-Haul's sale or rental of defective products unreasonably dangerous for use, for which defendants are strictly liable pursuant to Section 402A of the Restatement (2d) of Torts.  The defective condition of the products includes the following defects:

(a)     improper design and construction of the U-Haul trailer and 7 round to 4 flat adapter, which caused or contributed to the jack-knife event and the reduced visibility of the trailer;

(b)     failing to properly manufacture the U-Haul trailer and 7 round to 4 flat adapter, which caused or contributed to the jack-knife event and the reduced visibility of the trailer;

(c)     failing to properly inspect the U-Haul trailer and 7 round to 4 flat adapter, which caused or contributed to the jack-knife event and the reduced visibility of the trailer;

(d)     failing to properly test the U-Haul trailer and 7 round to 4 flat adapter, which caused or contributed to the jack-knife event and the reduced visibility of the trailer;

(e)     failing to properly assemble the U-Haul trailer and 7 round to 4 flat adapter, which caused or contributed to the jack-knife event and the reduced visibility of the trailer;

(f)     failing to properly maintain and repair the U-Haul trailer and 7 round to 4 flat adapter, which caused or contributed to the jack-knife event and the reduced visibility of the trailer;

(g)     failing to properly instruct users of the U-Haul trailer and 7 round to 4 flat adapter, which caused or contributed to the jack-knife event and the reduced visibility of the trailer;

(h)     failing to properly display necessary warnings and instructions for the safe use of the U-Haul trailer and 7 round to 4 flat adapter, which caused or contributed to the jack-knife event and the reduced visibility of the trailer;

(i)     designing the U-Haul trailer in a manner that would lead to its operation without brake fluid or the proper amount of brake fluid, which caused or contributed to the jack-knife event;

Case ID: 14020276

(j)    designing the U-Haul trailer in a manner that permitted brake lines to become detached during normal operation, which caused or contributed to the jack-knife event;

(k)    designing the U-Haul trailer with defective brakes, including brake lines and a master cylinder that would permit operation without brake fluid or the proper amount of brake fluid, which caused or contributed to the jack-knife event;

(l)    designing the U-Haul trailer with a defective lighting system that prevented the lights from properly operating, thereby reducing the trailer's visibility;

(m)    renting the U-Haul trailer in a defective and dangerous condition in that there was no brake fluid or an insufficient amount of brake fluid, which caused or contributed to the jack-knife event;

(n)    renting the U-Haul trailer in a defective and dangerous condition in that the brake lines were not properly connected, leading to operation without brake fluid or an insufficient amount of brake fluid, which caused or contributed to the jack-knife event;

(o)    renting the U-Haul trailer in a defective and dangerous condition in that the lighting system was not properly operating, thereby reducing the trailer's visibility;

(p)    designing, maintaining and renting the U-Haul trailer without proper reflectorization so that it would be adequately visible to other vehicles;

(q)    failing to design, inspect, maintain and repair the U-Haul trailer in a manner that would minimize or prevent the occurrence of a jack-knife;

(r)    failing to ensure that the U-Haul trailer was safe for use by plaintiff and others;

(s)    failing to comply with state and federal laws, regulations and requirements relating to safe design, construction, inspection, maintenance and repair of the U-Haul trailer and 7 round to 4 flat adapter in order to prevent injuries to plaintiff and others in the manner described herein; and

(t)    failing to comply with industry standards and codes relating to the safe design, construction, inspection, maintenance and repair of the U-Haul trailer and 7 round to 4 flat adapter in order to prevent injuries to plaintiff and others in the manner described herein.

Case ID: 14020276

37.     As a result of the conduct of the defendants, plaintiffs suffered the injuries damages and losses as more particularly described hereinafter.

38.     U-Haul is vicariously liable for the actions of its agents and/or employees responsible for the design, manufacture, inspection, maintenance, repair, rental and sale of the U-Haul trailer and 7 round to 4 flat adapter, who at all times relevant hereto were acting in the course and scope of their employment or agency.

WHEREFORE, plaintiffs Gary Williams and Nina Williams demand judgment in their favor and against all defendants for compensatory and punitive damages in an amount in excess of the jurisdictional limit for arbitration, together with interest and costs.

## COUNT II – NEGLIGENCE

**Gary and Nina Williams v. U-Haul International, Inc.,
U-Haul Co. of California and Colusa Quick Serve Market**

39.     The preceding paragraphs are incorporated by reference as if the same were fully set forth at length herein.

40.     This accident was caused by the negligence, carelessness, negligence per se and recklessness of U-Haul, both generally and in the following particular respects:

(a)     improper design and construction of the U-Haul trailer and 7 round to 4 flat adapter, which caused or contributed to the jack-knife event and the reduced visibility of the trailer;

(b)     failing to properly manufacture the U-Haul trailer and 7 round to 4 flat adapter, which caused or contributed to the jack-knife event and the reduced visibility of the trailer;

(c)     failing to properly inspect the U-Haul trailer and 7 round to 4 flat adapter, which caused or contributed to the jack-knife event and the reduced visibility of the trailer;

(d)     failing to properly test the U-Haul trailer and 7 round to 4 flat adapter, which caused or contributed to the jack-knife event and the reduced visibility of the trailer;

8

(e)     failing to properly assemble the U-Haul trailer and 7 round to 4 flat adapter, which caused or contributed to the jack-knife event and the reduced visibility of the trailer;

(f)     failing to properly maintain and repair the U-Haul trailer and 7 round to 4 flat adapter, which caused or contributed to the jack-knife event and the reduced visibility of the trailer;

(g)     failing to properly instruct users of the U-Haul trailer and 7 round to 4 flat adapter, which caused or contributed to the jack-knife event and the reduced visibility of the trailer;

(h)     failing to properly display necessary warnings and instructions for the safe use of the U-Haul trailer and 7 round to 4 flat adapter, which caused or contributed to the jack-knife event and the reduced visibility of the trailer;

(i)     designing the U-Haul trailer in a manner that would lead to its operation without brake fluid or the proper amount of brake fluid, which caused or contributed to the jack-knife event;

(j)     designing the U-Haul trailer in a manner that permitted brake lines to become detached during normal operation, which caused or contributed to the jack-knife event;

(k)     designing the U-Haul trailer with defective brakes, including brake lines and a master cylinder that would permit operation without brake fluid or the proper amount of brake fluid, which caused or contributed to the jack-knife event;

(l)     designing the U-Haul trailer with a defective lighting system that prevented the lights from properly operating, thereby reducing the trailer's visibility;

(m)     renting the U-Haul trailer in a defective and dangerous condition in that there was no brake fluid or an insufficient amount of brake fluid, which caused or contributed to the jack-knife event;

(n)     renting the U-Haul trailer in a defective and dangerous condition in that the brake lines were not properly connected, leading to operation without brake fluid or an insufficient amount of brake fluid, which caused or contributed to the jack-knife event;

(o)     renting the U-Haul trailer in a defective and dangerous condition in that the lighting system was not properly operating, thereby reducing

Case ID: 14020276

the trailer's visibility;

(p)    designing, maintaining and renting the U-Haul trailer without proper reflectorization so that it would be adequately visible to other vehicles;

(q)    failing to ensure that the U-Haul trailer was safe for use by plaintiff and others;

(r)    failing to design, inspect, maintain and repair the U-Haul trailer in a manner that would prevent or minimize the occurrence of a jack-knife;

(s)    failing to comply with state and federal laws, regulations and requirements relating to safe design, construction, inspection, maintenance and repair of the U-Haul trailer and 7 round to 4 flat adapter in order to prevent injuries to plaintiff and others in the manner described herein; and

(t)    failing to comply with industry standards and codes relating to safe design, construction, inspection, maintenance and repair of the U-Haul trailer and 7 round to 4 flat adapter in order to prevent injuries to plaintiff and others in the manner described    herein.

41.    As a result of the conduct of the defendants, plaintiffs suffered the injuries damages and losses as more particularly described hereinafter.

42.    The aforementioned acts were not only negligent, but were deliberate, intentional and reckless, and were undertaken without due regard for the safety of others.

43.    U-Haul is vicariously liable for the actions of its agents and/or employees responsible for the design, manufacture, inspection, maintenance, repair, rental and sale of the U-Haul trailer and 7 round to 4 flat adapter, who at all times relevant hereto were acting in the course and scope of their employment or agency.

WHEREFORE, plaintiffs Gary Williams and Nina Williams demand judgment in their favor and against all defendants for compensatory and punitive damages in an amount in excess of the jurisdictional limit for arbitration, together with interest and costs.

Case ID: 14020276

<u>**COUNT III – RECKLESS CONDUCT**</u>

**Gary and Nina Williams v. U-Haul International, Inc.,
U-Haul Co. of California and Colusa Quick Serve Market**

44.     The preceding paragraphs are incorporated by reference as if the same were fully set forth at length herein.

45.     The injuries, damages and losses sustained by plaintiffs were caused by the reckless, willful, wanton and intentional misconduct of U-Haul in the following particular respects:

(a)     selling the 7 round to 4 flat adapter despite actual knowledge that the product was defective and that the defects could lead to accidents resulting in serious injuries or death;

(b)     renting the U-Haul trailer despite actual knowledge that the trailer was in a defective and dangerous condition, which could lead to accidents resulting in serious injuries or death;

(c)     willfully misrepresenting the adequacy, effectiveness and safety of the U-Haul trailer and 7 round to 4 flat adapter;

(d)     intentionally and recklessly disregarding the known dangers associated with the sale and/or rental of defective U-Haul products despite actual knowledge that the defective products could lead to accidents resulting in serious injuries or death;

(e)     willfully exposing individuals who purchased and/or rented U-Haul products to the risk of catastrophic injury or death by selling and/or renting the products despite actual knowledge that they were defective;

(f)     recklessly disregarding the safety of the consumers who purchased and/or rented defective U-Haul products, including the U-Haul trailer and 7 round to 4 flat adapter;

(g)     recklessly violating and failing to adhere to applicable statutes, ordinances, rules, regulations and standards governing or relating to the safe sale and/or rental of the above products; and

(h)     recklessly failing to create, institute, adopt, enforce and comply with safety policies and procedures concerning the design, manufacture, inspection, maintenance, repair, sale and rental of the above products.

11

46.     U-Haul's acts and/or failures to act under the circumstances of this case were outrageous in that U-Haul's conduct amounted to a reckless indifference to the safety of others.

47.     U-Haul knew and had reason to know of facts which created a high degree of risk of physical harm to another.

48.     Specifically, U-Haul knew or should have known that the defective and dangerous condition of the U-Haul trailer and 7 round to 4 flat adapter could lead to jack-knife events, reduced visibility and accidents creating a high degree of risk of physical harm to another.

49.     Despite this knowledge, U-Haul willfully, wantonly, deliberately, recklessly, and unlawfully proceeded to act and/or failed to act, as set forth specifically above, in reckless and conscious disregard of or with indifference to the safety and well-being of others, including plaintiff Gary Williams.

50.     Despite this knowledge, U-Haul willfully, wantonly, deliberately, recklessly, and unlawfully proceeded to act and/or failed to act, as set forth specifically above, for business reasons, i.e., to reduce U-Haul's costs and increase profits, in reckless and conscious disregard of or with indifference to the safety and well-being of others, including plaintiff Gary Williams.

51.     Specifically, defendants permitted the sale and rental of the above products when they should have prevented the sale and rental prior to the time of the accident.

52.     U-Haul's willful, wanton, deliberate, reckless, and unlawful actions and/or inactions, as set forth above, increased the risk of harm and were substantial factors in causing plaintiffs' injuries, damages and losses as more particularly described hereinafter.

53.     U-Haul should be appropriately punished with the imposition of punitive damages.  In addition, U-Haul and others should be deterred in the future from failing to comply

Case ID: 14020276

with applicable laws and regulations designed to protect the safety of persons such as the plaintiffs.

54.     U-Haul is vicariously liable for the outrageous, willful, wanton, deliberate, reckless and unlawful conduct of its agents and/or employees responsible for the design, manufacture, inspection, maintenance, repair, rental and sale of the U-Haul trailer and 7 round to 4 flat adapter, who at all times relevant hereto were acting in the course and scope of their employment or agency.

WHEREFORE, plaintiffs Gary Williams and Nina Williams demand judgment in their favor and against all defendants for compensatory and punitive damages in an amount in excess of the jurisdictional limit for arbitration, together with interest and costs.

## COUNT IV – NEGLIGENCE

## Gary and Nina Williams v. K&B Transportation, Inc.

55.     The preceding paragraphs are incorporated by reference as if the same were fully set forth at length herein.

56.     This accident was caused by the negligence, carelessness and negligence per se of defendant K&B and its agents, employees and/or servants, including but not limited to Sala, individually, jointly and/or severally, both generally and in the following particular respects:

(a)     failing to operate the vehicle with due regard for the safety of others;

(b)     failing to maintain a proper and adequate look out;

(c)     failing to operate the vehicle with due care and due regard for road conditions;

(d)     failing to operate the vehicle at a safe and reasonable speed;

(e)     failing to timely brake the vehicle;

(f)     operating the vehicle at a speed in excess of the posted speed limit;

13

(g)     operating at an unsafe rate of speed under the circumstances;

(h)     failing to properly observe and react to conditions existing at the time of the accident;

(i)     failing to brake and timely stop the vehicle;

(j)     failing to take other avoidance measures;

(k)     failing to remain attentive;

(l)     failing to properly maintain a log book;

(m)     operating the vehicle with log book violations;

(n)     failing to maintain an accurate log in accordance with 49 C.F.R. §395.8;

(o)     violating the hours of service under 49 C.F.R. §395.3;

(p)     driving in a state of low mental arousal and/or fatigue at the time of the incident in violation of 49 C.F.R. §392.3;

(q)     failure to properly train, test and supervise its driver Sala;

(r)     failing to drive at a safe and appropriate speed in light of special hazards on the roadway;

(s)     driving in careless disregard for the safety of others on the roadway;

(t)     intentionally and deliberately executing a blind lane change in reckless disregard for the safety of others on the roadway;

(u)     failing to properly inspect, maintain and repair the tractor trailer;

(v)     failing to employ and follow proper hiring guidelines;

(w)     failing to comply with applicable standards and recommended practices issued by the National Highway Traffic Safety Administration, U.S. Dept. of Transportation, Federal Motor Carrier Safety Regulations, the Vehicle Equipment Safety Commission, the American National Standards Institute, the Society of Automotive Engineers and other generally recognized organizations;

(x)     violating and failing to adhere to applicable statutes, ordinances, rules, regulations and standards governing or relating to the operation of vehicles, including commercial vehicles; and

(y)     failing to create, institute, adopt, enforce and comply with policies and procedures concerning hiring of personnel and the operation, inspection and maintenance of tractor-trailers.

57.     As a result of the conduct of the defendant, plaintiffs suffered the injuries damages and losses as more particularly described hereinafter.

58.     K&B is vicariously liable for the actions of its agents and/or employees, including but not limited to Sala, who was acting within the course and scope of his employment and/or agency at the time of the accident.

WHEREFORE, plaintiffs Gary Williams and Nina Williams demand judgment in their favor and against all defendants for compensatory damages in an amount in excess of the jurisdictional limit for arbitration, together with interest and costs.

## COUNT V – PERSONAL INJURIES

### Gary Williams v. All Defendants

59.     The preceding paragraphs are incorporated by reference as if the same were fully set forth at length herein.

60.     As a result of the conduct of all defendants, plaintiff Gary Williams was caused to sustain multiple, serious, painful, permanent and life threatening personal injuries, including but not limited to a traumatic brain injury, subarachnoid hemorrhage, subdural hematoma, diffuse axonal injury, multiple fractures of the ribs, left clavicle and lumbar spine, a left renal contusion, splenic laceration, right adrenal hemorrhage, left hemopneumothorax and other injuries.  These severe, permanent and catastrophic injuries required multiple surgical procedures and resulted in disfigurement and other injuries and conditions, all of which have and will in the future continue to require extended hospital admissions and extensive medical care, treatment and therapy.

61.     As a result of the conduct of all defendants, plaintiff Gary Williams has sustained grievous physical pain and mental and emotional suffering.

62.     As a result of the conduct of all defendants, plaintiff Gary Williams has been caused to expend substantial sums for medical care and treatment, and will continue to incur such expenses in the future.

63.     As a result of the conduct of all defendants, plaintiff Gary Williams has been unable to attend to his usual duties and occupations.

64.     As a result of the conduct of all defendants, plaintiff Gary Williams has suffered a loss and diminution of his ability to enjoy the pleasures of life.

65.     As a result of the conduct of all defendants, plaintiff Gary Williams has incurred economic losses, including a loss of past and future earnings.

WHEREFORE, plaintiff Gary Williams demands judgment in his favor and against defendants U-Haul International, Inc., U-Haul Co. of California and Colusa Quick Serve Market for compensatory and punitive damages, and against K&B Transportation, Inc. for compensatory damages in an amount in excess of the jurisdictional limit for arbitration, together with interest and costs.

## COUNT VI – LOSS OF CONSORTIUM

### Nina Williams v. All Defendants

66.     The preceding paragraphs are incorporated by reference as if the same were fully set forth at length herein.

67.     As a result of the conduct of all defendants, plaintiff Nina Williams has suffered a loss of the aid, assistance, society, companionship and consortium of her husband, plaintiff Gary Williams.

Case ID: 14020276

WHEREFORE, plaintiff Nina Williams demands judgment in her favor and against defendants U-Haul International, Inc., U-Haul Co. of California and Colusa Quick Serve Market for compensatory and punitive damages, and against K&B Transportation, Inc. for compensatory damages in an amount in excess of the jurisdictional limit for arbitration, together with interest and costs.

FELDMAN, SHEPHERD, WOHLGELERNTER, TANNER, WEINSTOCK & DODIG, LLP

_____

ALAN M. FELDMAN
DANIEL J. MANN
EDWARD S. GOLDIS
Attorneys for Plaintiffs

Date:  11/13/14

17

Case ID: 14020276

## **VERIFICATION**

I, GARY WILLIAMS, plaintiff in the foregoing pleading, state that the facts set forth are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa.C.S. §4904, which relates to unsworn falsification to authorities.

GARY WILLIAMS

## VERIFICATION

I, NINA WILLIAMS, plaintiff in the foregoing pleading, state that the facts set forth are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa.C.S. §4904, which relates to unsworn falsification to authorities.

NINA WILLIAMS