IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY WILLIAMS, et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | **CIVIL ACTION** |
| v. : | |
| : | **NO. 14-6727** |
| **U-HAUL INTERNATIONAL, INC.,** : | |
| **U-HAUL CO. OF CALIFORNIA, COLUSA** : | |
| **QUICK SERVICE MARKET, K&B** : | |
| **TRANS., INC.** : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM**

**TUCKER, C.J.**                                                          **February 25, 2015**

On January 14, 2015, this Court granted in part and denied in part a motion to dismiss this matter. Presently before the Court is Plaintiffs' Motion for Reconsideration of the Court's January 14, 2015 Order. (Doc. 31.) Upon consideration of Plaintiffs' motion, Defendants' response thereto, and for the following reasons, Plaintiffs' motion will be GRANTED.

**I.      BACKGROUND**

The factual background of this case is set out in this Court's prior opinion dated January 14, 2015 and will only be summarized here. Plaintiffs Gary and Nina Williams bring this personal injury and loss of consortium action against Defendants U-Haul International, Inc. ("U-Haul International"), U-Haul Company of California ("U-Haul California"), and Colusa Quick Service Market ("Colusa QSM" or, collectively, "U-Haul Defendants"). On February 28, 2012, Plaintiff Gary Williams purchased a power adapter from a U-Haul store in California and rented a U-Haul twin axle box trailer from Colusa QSM to use during a cross-country road trip to his home in Pennsylvania. (Fifth Am. Compl. ¶¶ 17-19, 25, Doc. 1, Ex. A [hereinafter Complaint].)

1

A few days later, on March 2, 2012, while Plaintiff Gary Williams was driving on Interstate Highway 80 in Henry County, Ill., his sport utility vehicle and the U-Haul trailer jackknifed and stopped across two lanes.  (*Id.* ¶¶ 26-27.)  The trailer's lighting system was not operating at the time, impairing its visibility to other motorists.  (*Id.* ¶ 27.)  Shortly after, a tractor trailer collided with Plaintiff's vehicle.  (*Id.* ¶ 30.)  As a result, Plaintiff Gary Williams sustained serious and permanent injuries for which he has undergone multiple surgeries and will require continued medical care.  (*Id.* ¶¶ 31, 60.)

This action was removed to this Court on November 24, 2014 and the U-Haul Defendants filed a motion to dismiss on December 3, 2014.  On January 14, 2015, the Court granted the motion in part, dismissing Plaintiffs' negligence and reckless conduct claims.  The Court also denied the motion in part, allowing Plaintiffs' strict liability, personal injury, and loss of consortium claims to stand.  (*See* January 14, 2015 Memorandum and Order, Docs. 27-28.)  Plaintiffs moved for reconsideration on January 26, 2015 and the U-Haul Defendants responded on February 20, 2015.[1]  (Docs. 31, 36.)

## II.     STANDARD OF REVIEW

A motion for reconsideration seeks "to correct manifest errors of law or fact or to present newly discovered evidence."  *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Max's Seafood Café*, 176 F.3d 669, 677 (3d Cir. 1999)).  A party seeking reconsideration of a judgment must establish one of the following grounds: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available when the court rendered judgment, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *OR v. Hutner*, 576 F. App'x 106, 110 (3d Cir. 2014); *Weist v.*

---

[1] Since the Court's January 14, 2015 Order, this case has been consolidated with *Williams, et al. v. General Motors, LLC*, Civil Action No. 14-3891.  (Doc. 30.)  There are two other defendants in this case, K&B Transportation, Inc. and General Motors, LLC, who are not parties to the present motion.

*Lynch*, 710 F.3d 121, 128 (3d Cir. 2013).  Motions for reconsideration should be granted sparingly because of a federal court's interest in the finality of judgments.  *Z & R Cab, LLC v. Phila. Parking Auth.*, 22 F. Supp. 3d 509, 513 (E.D. Pa. 2014).

A finding of clear error requires a "definite and firm conviction that a mistake has been committed." *Easly v. Cromartie*, 532 U.S. 234, 242 (2001).  To demonstrate a clear error or manifest injustice, a party must base its motion on arguments previously raised, but overlooked by the court.  *Biggs v. Thomas Jefferson Univ. Hosp.*, Civ. Action No. 13-3037, 2014 WL 6487284, at *2 (E.D. Pa. Nov. 19, 2014).  "The [moving] party must persuade the court not only that its prior decision was wrong, but that it was clearly wrong and that adherence to the decision would create a manifest injustice." *Id.* (quoting *Broadcast Music, Inc. v. Crocodile Rock Corp.*, Civ. Action No. 12-4945, 2014 WL 3953182, at *1 (E.D. Pa. Aug. 12, 2014)).  The motion is to address "factual and legal matters that the Court may have overlooked" and should not be an attempt to relitigate issues already decided by the court.  *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010); *see Z & R Cab, LLC*, 22 F. Supp. at 513 ("Reconsideration is not permitted to allow 'a second bite at the apple,' nor to reargue matters the trial court already resolved or relitigate points of disagreement between the Court and the moving party." (internal citations omitted)).

### III.   DISCUSSION

In their motion for reconsideration, Plaintiffs do not allege new facts or argue that an intervening change in controlling law occurred.  They base their motion on the ground that the Court made a clear error of law or fact and reconsideration is necessary to prevent manifest injustice.  Plaintiffs argue that the Court overlooked their allegations that the U-Haul trailer had been negligently maintained.  They also argue that the Court erroneously applied the law in

3

dismissing their negligent design claim for failure to plead a safer alternative design. Finally, Plaintiffs contend that the Court overlooked their allegations of knowing and intentional misconduct in dismissing their reckless conduct claim. For the reasons that follow, the Court agrees with Plaintiffs and finds that reconsideration is appropriate to correct clear errors of fact and law.

In reconsidering whether Plaintiffs properly pleaded a claim for negligence, this Court applies the same motion to dismiss standard as set forth in its January 14, 2015 Memorandum and Order. *See* Fed. R. Civ. P. 12(b)(6); *Williams v. U-Haul Int'l, Inc.*, Civ. Action No. 14-6727, 2015 WL 171846, at *2 (E.D. Pa. Jan. 14, 2015). To plead a claim of negligence, a plaintiff must "establish the presence of a legal duty or obligation; a breach of that duty; a causal link between that breach and the injury alleged; and actual damage or loss suffered by the claimant as a consequence thereof." *Wright v. Eastman*, 63 A.3d 281, 284 (Pa. Super. Ct. 2013). In the Memorandum dated January 14, 2015, this Court considered Plaintiff's allegations in the framework of negligent failure-to-warn and design/manufacture theories and concluded that the Complaint failed to state a negligence claim. In doing so, the Court overlooked the Complaint's allegations that the U-Haul Defendants rented and maintained the trailer with an insufficient amount of brake fluid, improperly connected brake lines, inoperative lighting, and improper reflectorization. (Compl. ¶ 40.) These allegations, stripped of conclusory language and taken as true, are sufficient to plead a claim of negligence.

Further, the Court notes the Supreme Court of Pennsylvania's discussion in *Lance v. Wyeth* that a pleading of an alternative safer design is a prerequisite not for all negligent design claims, but only for those predicated on a theory of design defect based on the availability of an alternative safer design. 85 A.3d 434, 458 n. 36 (Pa. 2014). In its January 14, 2015

Memorandum, the Court relied on *Berrier v. Simplicity Manufacturing, Inc.*, 563 F.3d 38 (3d Cir. 2009), to find that Plaintiffs' failure to plead alternative safer designs for the allegedly defective power adapter and trailer was dispositive in dismissing their claim of negligence. The *Lance* court, however, took care to distinguish its narrow requirement for pleading an alternative design from the non-precedential rule set forth in the *Berrier* litigation. *Compare Lance*, 85 A.3d at 458 n. 36 ("[T]he referenced comment made by this author in *Berrier* also pertained to the circumstances at hand in [that] case, not the pronouncement of an overarching rule."), *with Berrier v. Simplicity Mfg., Inc.*, 959 A.2d 900, 902 (Pa. 2008) (Saylor, J., concurring) ("Ultimately, if the district court is correct . . . in its conclusion that the plaintiffs failed to establish a feasible alternative safer design, the rationale should serve as a complete disposition of both the negligence and strict-liability claims[.]"), *and Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38, 64 (3d Cir. 2009) ("The determination of whether a product was negligently designed turns on whether 'an alternative, feasible, safer design would have lessened or eliminated the injury plaintiff suffered.'"). As the Court noted in its prior opinion, the Complaint does not specifically allege the theory or theories upon which Plaintiffs bring their negligence claim. Therefore, the Court will not impose the stricter pleading requirement for design defect claims based on the availability of an alternative safer design. Without this limitation, the Court finds that Plaintiffs have sufficiently stated a claim of negligence.

   The Court now turns to Plaintiffs' arguments that dismissal of their reckless conduct claim was based on an error of fact. To prove "reckless disregard", a plaintiff must show that "the defendant knew or had reason to know that (1) his conduct created an unreasonable risk of harm to another, and (2) that the risk created by his conduct was substantially greater than the risk necessary to establish negligence." *Tayar v. Camelback Ski Corp., Inc.*, 957 A.2d 281, 290

(Pa. Super. Ct. 2008), *aff'd in part, rev'd in part*, 47 A.3d 1190 (Pa. 2012).  Upon reconsideration, the Court finds factual allegations sufficient to plead a claim of reckless conduct.  Though the Court still will not accept Plaintiffs' multiple allegations that the U-Haul Defendants had "actual knowledge", a legal conclusion, it has parsed previously overlooked factual allegations in the Complaint that sustain a claim for reckless conduct.  The Complaint states that the U-Haul Defendants sold the defective power adapter and rented the defective trailer while "misrepresenting the[ir] adequacy, effectiveness and safety" and "disregarding the safety of consumers."  (¶ 45.)  Likewise, Plaintiffs sufficiently plead a claim for punitive damages, which "may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."  *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005).  The Court further notes that dismissing these claims before discovery may have been premature.  *See Tomassoni v. Farr*, Civ. Action No. 3:11-CV-105, 2011 WL 846637, at *2 (M.D. Pa. Mar. 8, 2011) ("Even though Plaintiffs have brought their suit solely under a theory of negligence, if these allegations are proven, they could support a claim for punitive damages.  As a result, the Court believes that dismissing these claims at this time would be premature."); *Mulholland v. Gonzalez*, Civ A. No. 08-3901, 2008 WL 5273588, at *3 (E.D. Pa. Dec. 18, 2008) ("Given the necessary consideration of these facts, it would be premature for the Court to dismiss the claim for punitive damages at this time where the pleadings sufficiently suggest facts that, if proven, may establish recklessness." ).

## IV.   CONCLUSION

For the reasons set forth above, the Court grants Plaintiffs' Motion for Reconsideration.  An appropriate order follows.