IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY WILLIAMS, et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | **CIVIL ACTION** |
| v. : | |
| : | **NO. 14-6727** |
| **U-HAUL INTERNATIONAL, INC.,** : | |
| **U-HAUL CO. OF CALIFORNIA, COLUSA** : | |
| **QUICK SERVICE MARKET, K&B** : | |
| **TRANS., INC.,** : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM**

**TUCKER, C.J.**                                                                                              November 18, 2016

Presently before the Court are Defendant K&B Transportation, Inc.'s[1] Motion for Summary Judgment (Docs. 76–121 ), Plaintiffs' Response (Docs. 123–24), and Defendant's Reply (Doc. 127). Upon careful consideration of the parties' submissions and exhibits and for the reasons set forth below, Defendant's Motion is DENIED.

**I.       FACTUAL AND PROCEDURAL BACKGROUND**

Because the Court writes primarily for the parties, it sets forth only those facts that are relevant to its conclusion, and any relevant facts and issues presented herein are limited to the Motion presently before the Court. Plaintiffs Gary and Nina Williams are husband and wife and citizens of Pennsylvania. On February 29, 2012, Plaintiff Gary Williams ("Williams") began to drive a dark blue Chevrolet Trailblazer, with a U-Haul trailer in tow, home to Pennsylvania from

---

[1] On January 22, 2015, this Court consolidated the matters of *Williams v. U-Haul Int'l, Inc.*, No. 14-6727 (E.D. Pa.) (Tucker, J.) and *Williams v. General Motors, LLC*, No. 14-3891 (E.D. Pa.) (Tucker, J.). At this time, K&B and General Motors, LLC are the only remaining defendants in this case. General Motors, LLC is not a party to the present Motion. All references to the parties in this Memorandum Opinion refer to Plaintiffs Gary and Nina Williams and Defendant K&B. All references to Defendant refer only to Defendant K&B.

1

his apartment in California. On March 2, 2012, during Williams' road trip, a truck driven by Brian Sala collided with Williams' vehicle while both men were driving eastbound on Interstate Highway 80 in Henry County, Illinois.

At the time of the accident, Sala was employed by K&B and driving a 2006 Freightliner owned by K&B. Sala had a valid Illinois commercial driver's license. After the accident, Williams retained no recollection of events from a period before and a few months after the accident. There were no witnesses to the accident; Sala is the only person with personal knowledge of the events. Williams alleges that he sustained serious and permanent injuries.

This action was removed from the Philadelphia County Court of Common Pleas to this Court on November 24, 2014. Plaintiffs seek recovery from K&B based on a negligence theory.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56, provides, in pertinent part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors, Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). A "material" fact is one "that might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering the motion, the court must draw all reasonable inferences in favor of the nonmoving party. *Goldenstein*, 815 F.3d at 146. The court's role is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**III. DISCUSSION**

Defendant argues that Illinois law governs. Def.'s Mem. Supp. Mot. Summ. J. 3, Doc. 76. Defendant also asserts that the record lacks evidence for Plaintiffs to establish a prima facie case of negligence against K&B. *Id.* at 2. The Court will first address the choice of law issue, then whether there is sufficient evidence in the record to establish a need for a trial.

**A. Choice of Law**

This case was removed from state court based on diversity of citizenship. Plaintiffs are Pennsylvania residents and Defendant is an Iowa corporation with its principal place of business in Nebraska. When a federal court has jurisdiction based on diversity of citizenship, the court must apply the choice of law rules of the forum state. *Specialty Surfaces Int'l, Inc. v. Cont'l Cas. Co.*, 609 F.3d 223, 229 (3d Cir. 2010) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Here, Pennsylvania's choice of law rules apply.

Pennsylvania's choice of law analysis is only necessary if there are relevant differences between the laws of two states. *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 230 (3d Cir. 2007). If the relevant laws between two states are the same, no conflict exists, and the court applies the laws of the forum state. *Id.*

If an actual conflict exists, Pennsylvania applies a two-step choice of law analysis. The first step is to determine whether a true conflict, false conflict, or an unprovided-for case exists. *LeJeune v. Bliss-Salem, Inc.*, 85 F.3d 1069, 1071 (3d Cir. 1996); *Budget Rent-A-Car Sys., Inc. v. Chappell*, 407 F.3d 166, 169–70 (3d Cir. 2005). If a true conflict exists, the second step is to determine which state has the greater interest. *Id.* There is no second step if a false conflict or an unprovided-for case exists.

A true conflict exists if both states have interests that would be impaired if the other state's laws are applied. *Taylor v. Mooney Aircraft Corp.*, 430 F. Supp. 2d 417, 422 (E.D. Pa. 2006). A false conflict exists if only one state's interests would be impaired if the other state's laws are applied. *LeJeune*, 85 F.3d at 1071. An unprovided-for case exists if neither state's interests would be impaired if its laws are not applied. *Chappell*, 407 F.3d at 170.

If a true conflict exists, Pennsylvania applies a hybrid contacts/interest analysis. *Taylor*, 430 F. Supp. 2d at 421; *Hammersmith*, 480 F.3d at 226–27. For true conflicts, the Pennsylvania Supreme Court rejected the traditional *lex loci delicti*, the place where the wrong occurred, rule. *See Griffith v. United Air Lines, Inc.*, 203 A.2d 796, 805–06 (1964); *Ramey v. Wal-Mart, Inc.*, 967 F. Supp. 843, 844 (E.D. Pa. 1997). However, the *lex loci delicti* rule continues to govern unprovided-for cases. *Chappell*, 407 F.3d at 170. If a false conflict exists, the law of the state whose interest would be impaired governs. *Id.*

K&B argues that Illinois law governs. Def.'s Mem. Supp. Mot. Summ. J. 3, Doc. 76. K&B reasons that neither states' law is impaired if the other's law is applied because both states have similar negligence laws and the application of either law would result in the same outcome. Def.'s Mot. Summ. J. ¶ 23–25, Doc. 76. In essence, K&B argues that this matter is an unprovided-for case. K&B contends that the law of the state where the accident occurred, Illinois, should apply because Pennsylvania applies the *lex loci delicti* rule to unprovided-for cases. *Id.*

Plaintiffs, by contrast, argue that Pennsylvania law governs. Pls.' Br. Supp. Resp. 14, Doc. 123. Plaintiffs contend that the laws pertaining to the negligence issues raised in the instant motion are identical in both states; therefore, no actual conflict exists, the choice of law analysis is unnecessary, and the law of the forum state should govern. *Id.*

The Court agrees with Plaintiffs that no actual conflict exists and finds that Pennsylvania law governs. There are no relevant differences in Illinois' and Pennsylvania's substantive laws as it pertains to the negligence issues in this case. Both states adopt the same modified comparative negligence framework, require the same elements to establish negligence, and have the same vicarious liability rules for employers.[2] Therefore, no conflict exists and the law of the forum state governs.

### B. Genuine Dispute of Material Fact

In its Motion, Defendant argues that Plaintiffs' negligence claims cannot withstand summary judgment. Drawing all reasonable inferences in favor of Plaintiffs and without making any findings of fact or weighing the evidence, there is sufficient evidence to support Plaintiffs' contentions that there is a genuine issue for trial on every element of their negligence claim. There are numerous issues of fact, including, but not limited to: whether the time that Sala decreased his speed was reasonable given the upcoming hazard; whether Sala completed his lane change prior to impact; whether K&B properly monitored Sala; and whether Williams was himself negligent. Accordingly, the Court finds Defendant has not sustained its burden of demonstrating that it is entitled to summary judgment.

### IV. CONCLUSION

For the reasons set forth above, the Court denies Defendant's Motion for Summary Judgment. An appropriate Order follows.

---

[2] In fact, both parties agree that there are no differences in the substantive laws of Illinois and Pennsylvania as it pertains to this Motion. *See* Def.'s Mot. Summ. J. ¶ 23–25, Doc. 76; Pls.' Br. Supp. Resp. 14, Doc. 123.