EXHIBIT 1

40230.00102.378.syw.11213968

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY WILLIAMS and NINA WILLIAMS, h/w | CIVIL ACTION - LAW |
| v. | |
| U-HAUL INTERNATIONAL, INC., U-HAUL CO. OF CALIFORNIA, COLUSA QUICK SERVE MARKET and K&B TRANSPORTATION, INC. | JURY TRIAL DEMANDED |
| v. | |
| GENERAL MOTORS, LLC | NO. 14-cv-6727 |

### ANSWER OF DEFENDANT, K&B TRANSPORTATION, INC., TO FIFTH AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS AND JURY DEMAND

(1) Admitted based upon information supplied by the plaintiffs.

(2-4) Unknown to first-hand information by Answering Defendant but Answering Defendant has no information to the contrary.

(5) Unknown to first-hand information by Answering Defendant but Answering Defendant has no information to the contrary.

(6) Admitted based upon information provided by the plaintiffs.

(7) This is a legal conclusion not addressed to Answering Defendant but Answering Defendant has no information to the contrary.

(8) No response required.

(9) Admitted.

(10) Denied as a conclusion requiring no response beyond general denial subject to proof. It has been specifically denied previously that Defendant, K&B, does business in the Commonwealth of Pennsylvania and/or the City and County of Philadelphia sufficient to establish personal jurisdiction or venue against it.

(11) Denied as a conclusion requiring no response beyond general denial subject to proof. It has been specifically denied previously that Defendant, K&B, does business in the Commonwealth of Pennsylvania and/or the City and County of Philadelphia sufficient to establish personal jurisdiction or venue against it.

(12) Denied as stated. Any such charge was not specific to the Commonwealth of Pennsylvania or the City and County of Philadelphia.

(13) Denied.

(14) Denied.

(15) Blanket allegation of agency is denied as not identifying the specific agent or conduct contemplated and is therefore simply a generic legal conclusion requiring no response subject to proof of actual facts.

(16) No further response required.

(17) Unknown by Answering Defendant and therefore cannot at this time be admitted or denied.

(18) Unknown to Answering Defendant and therefore cannot be admitted or denied subject to proof.

(19) Admitted based upon facts represented by Plaintiffs.

(20) Unknown to Answering Defendant and therefore cannot be either admitted or denied.

(21) Admitted based upon facts represented by the plaintiffs.

(22) Admitted based upon facts represented by the plaintiffs.

(23) Admitted based upon investigation and facts represented by the plaintiffs.

(24) Admitted based upon investigation and facts represented by the plaintiffs.

(25) It is admitted that the plaintiff, Gary Williams, was operating the vehicle described on the date and at the approximate time and location alleged. His purpose in doing so, and for how long the plaintiff had been traveling up to that point is unknown to first-hand information of Answering Defendant and therefore cannot be admitted or denied.

(26) It is admitted only that at the time and place alleged, the plaintiff jack-knifed the vehicle he was operating, with the trailer attached, causing an improper blockage on a limited access highway without proper lighting and as a result of improper operation or control of the vehicle. The exact location of the plaintiff prior to causing this condition on the highway is not specifically known and therefore neither admitted or denied.

(27) Admitted based upon facts represented by the plaintiffs.

(28) It is admitted that on the date and at the approximate time and location alleged, a tractor-trailer under the control and dispatch of Defendant, K&B, and operated by driver, Brian Sala, in the business of Defendant, K&B, was traveling in the eastbound lane of I-80.

(29) Denied. There are no allegations of any defect or failure of the equipment of Defendant, K&B. Mr. Sala was fully competent and authorized by applicable licensing authorities to operate the vehicle he was driving. Further, because agency has been admitted, and therefore vicarious responsibility, claims of negligent training, supervision or entrustment are moot and should be dismissed of record.

(30) Denied.

(31) Allegations of injury, damage or loss to the plaintiffs are more specifically denied and put at issue hereinafter.

(32) Denied. Further, Plaintiffs make this allegation without any "information and belief" founded in fact or investigation and as such this allegation violates Rule 11 of the Federal Rules of Civil Procedure.

(33) Denied.

(34) Denied.

(35)   No further response required.

(36-38) Not addressed to Answering Defendant and Answering Defendant cannot admit or deny these allegations.

(39)   No further response required.

(40)   Not addressed to Answering Defendant and Answering Defendant cannot admit or deny these allegations.

(41)   Although it is admitted that if proven, the conduct of the U-Haul Defendants caused this accident and any injury, damage or loss proven by the plaintiffs, those injuries, damages and losses are hereinafter more specifically denied and put at issue by Answering Defendant.

(42)   Not addressed to Answering Defendant and Answering Defendant cannot admit or deny these allegations.

(43)   Not addressed to Answering Defendant and Answering Defendant cannot admit or deny these allegations.

(44)   No further response required.

(45-54) Not addressed to Answering Defendant and Answering Defendant cannot admit or deny these allegations.

(55)   No further response required.

(56)   Denied.  Further, allegations of intentional or reckless misconduct, such as set forth in subparagraph (t) have been previously dismissed by Stipulation.

(57)   Denied as to the conduct of the defendant or its driver, Mr. Sala. The injuries, damages and losses alleged by the plaintiffs are more particularly denied hereinafter.

(58)     Blanket allegation of agency without specifying the conduct or the agent is denied. It has been admitted that Mr. Sala was operating on behalf of K&B in the course and scope of the business of K&B at the time of the accident.

(59)     No further response required.

(60-65) Denied. After reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations of the Complaint and they are therefore denied and proof is demanded.

(66)     No further response required.

(67)     Denied. After reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit the allegations of this Paragraph of the Complaint and they are therefore denied and proof is demanded.

### *AFFIRMATIVE DEFENSES*

(1)     Answering Defendant denies negligence in the happening of the accident or negligence on the part of Mr. Sala, operating a truck on behalf of Defendant, K&B.

(2)     The accident in issue was not the result of any negligence on the part of Answering Defendant or its driver, but was rather the result of the negligence of others, including Plaintiff, Gary Williams, or other circumstances beyond the reasonable notice or control of Answering Defendant or its driver.

(3)     The accident in issue was the result of a sudden emergency not created by Answering Defendant or its driver.

(4)     Answering Defendant demands proof as required by the Pennsylvania Motor Vehicle Financial Responsibility Act, as amended, as to the status of Plaintiff, Gary Williams, under that Act and under policies of insurance covering him for personal injury protection benefits and proof of the right to bring an action for non-economic damages or satisfaction of the requirements thereof.

(5)     The claims of the plaintiffs are barred and/or limited by the Pennsylvania Motor Vehicle Financial Responsibility Law, as amended.

(6)     The claims of the plaintiffs are barred and/or limited by the contributory comparative negligence of Gary Williams in his operation of his own vehicle, and in failing to take proper precaution with regard to the trailer he was operating and any problems that he was having with it, in failing to properly control his vehicle, in creating a hazard upon the highway, in violating the rules of the road and the right-of-way in operating in a fatigued condition or when he was not fit or competent to operate the vehicle in question, in failing to properly obtain training or instruction about how to properly operate his vehicle with a trailer under reasonably expected circumstances and other negligence as may be determined in the evidence and testimony in this case.

(7)     It is admitted that Brian Sala was operating a vehicle on behalf of Defendant, K&B Transportation, at the time of the accident and therefore vicarious responsibility for any negligent operation of the vehicle by Brian Sala is admitted. Accordingly, other claims such as negligent entrustment, improper training, supervision, hiring or other bases of negligent entrustment are moot as alternative bases of vicarious responsibility which has been admitted and should be dismissed of record.

(8)     The nature, existence, origin, causation, amount, duration and extent of the injuries, damages and losses claimed are at issue and Answering Defendant demands proof of same by each Plaintiff as required of them by law.

(9)     Defendant does not waive applicable statutes of limitations upon any of the claims set forth in the Complaint or claims which could have been set forth in the Complaint and which were not and accordingly Answering Defendant objects to any attempt to amplify vague, overbroad or insufficiently specific allegations beyond the date of the applicable statute of limitations.

(10)   Any recovery of special damages in this matter must be limited or reduced by amounts actually paid or payable under the Pennsylvania Motor Vehicle Financial Responsibility Law and must exclude amounts paid under applicable insurance covering the plaintiff, Gary Williams, as provided by said Act.

(11)   Plaintiffs may not recover for damages, injuries or losses which could reasonably have been mitigated by the plaintiffs and which were not.

***CROSSCLAIM ADDRESSED TO CO-DEFENDANTS,
U-HAUL INTERNATIONAL, INC., U-HAUL CO. OF CALIFORNIA AND
COLUSA QUICK SERVE MARKET***

(1)   Answering Defendant has denied the allegations of negligence and responsibility alleged by Plaintiffs against it. However, without admitting same and solely for the purpose of setting forth a crossclaim against Co-Defendant, U-Haul International, Inc. U-Haul Co. of California and Colusa Quick Serve Market *(hereinafter "U-Haul Defendants")*, Answering Defendant herein incorporates the allegations of Plaintiffs' Complaint against said Co-Defendants.

(2)   The accident and any injuries and damages which are proven by the plaintiffs were caused by the negligence or other liability-producing conduct of the U-Haul Defendants, acting jointly and/or severally, as may be proven in accordance with the allegations of Plaintiffs' Complaint and the evidence and testimony to be produced in this matter.

(3)   By reason of the aforesaid, if Answering Defendant is held liable to the plaintiffs, said liability will have been caused by and/or contributed to by the negligence or other tortious conduct of the U-Haul Defendants, acting jointly and/or severally, for which each said Co-Defendant is liable to Answering Defendant for contribution.

## DEMAND FOR JURY TRIAL

Answering Defendant demands a trial of all issues to the unanimous verdict of a jury.

*Marshall Dennehey Warner Coleman & Goggin*

By: _____

*James D. Hilly, Esquire*
*Attorney for Defendant,*
*K&B Transportation, Inc.*
*2000 Market Street – Suite 2300*
*Philadelphia, PA 19103*
*Telephone: (215) 575-2783*
*E-Mail: jdhilly@mdwcg.com*

*Identification No.: 27571*

<u>CERTIFICATE OF SERVICE</u>

I, *JAMES D. HILLY, ESQUIRE*, Attorney for Defendant(s), **K&B TRANSPORTATION, INC.**, hereby certify that a true and correct copy of the *ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS* was served via the Court's electronic filing system and/or by regular mail to all parties listed below on the date set forth below.

Edward S. Goldis, Esquire
**FELDMAN, SHEPHERD, WOHLGELERNTER,
TANNER, WEINSTOCK 7 DODIG, LLP**
1845 Walnut Street - 21st Floor
Philadelphia, PA 19103
*Attorney for Plaintiffs*

Richard B. Wickersham, Jr., Esquire
**POST & SCHELL, P.C.**
Four Penn Center - 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
*Attorney for U-Haul Defendants & Colusa Quick Serve Market*

Francis J. Grey, Jr., Esquire
**RICCI, TYRRELL, JOHNSON & GREY**
1515 Market Street
Philadelphia, PA 19102
*Attorney for Defendant, General Motors LLC*

JAMES D. HILLY

Dated: 12/4/14